UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL EARLY,

    Plaintiff,

v.

STONECREST, et al.,

    Defendants.

Case No. 25-mc-50019

Honorable Robert J. White

## ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT

Before the Court is *pro se* Plaintiff Denzel Early's application to proceed *in forma pauperis*. (ECF No. 4). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

    (i)    is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Here, Plaintiff's complaint was filed as a "letter" asking the Court to "do whatever is necessary to address [Plaintiff's] problem." (ECF No. 1, PageID.2). According to Plaintiff, he was "slammed to the ground, choked and punched and put to sleep with an injection" because he refused drug treatment for his schizophrenia diagnosis. (ECF No. 1, PageID.2). Plaintiff's letter specifically names five

defendants—presumably by last name only—as well as Defendant "Ms/Mr Clerk [sic]" of Michigan's Third Circuit Court. (ECF No. 1, PageID.1-2).

Critically, however, Plaintiff identifies no legal basis for any claim(s), nor does he even name any specific claim in his letter. And the aforementioned description of Plaintiff's alleged injury lacks any further detail—such as when, where, and under what circumstances the injury occurred. Finally, Plaintiff completely fails to explain how any individual defendant, or even Defendants collectively, were involved in or responsible for the alleged injury.

For these reasons, the Court concludes that Plaintiff's complaint lacks sufficient information to state a plausible claim for relief. *See Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (unpublished) (even when considering *pro-se* pleadings, "'courts should not have to guess at the nature of the claim asserted.'") (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)); *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) ("Courts may not rewrite a complaint to include claims that were never presented, nor may courts construct the plaintiff's legal arguments for him. Neither may the court conjure up unpled allegations, nor create a claim for Plaintiff.") (cleaned up).

The complaint also fails to provide Defendants adequate notice of Plaintiff's claim(s). *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020) (a complaint "violates Rule 8(a)(2)'s requirement that a plaintiff provide the defendants

adequate notice of the claims against them and the grounds upon which each claim rests" when it fails "to connect specific facts or events with the various causes of action" asserted) (cleaned up).

* * *

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 4) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: June 3, 2025               s/Robert J. White
                                  Robert J. White
                                  United States District Judge

4